**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 18-24504-CIV-WILLIAMS**

SANTIAGO SANZ,

Plaintiffs,

vs.

AMERICAN SOCIETY OF COMPOSERS
AND PUBLISHERS (ASCAP),

Defendant.
_______________________________/

# ORDER

**THIS MATTER** is before the Court on Defendant American Society of Composers and Publisher's ("ASCAP") motion to dismiss. (DE 8). Plaintiff Santiago Sanz ("Sanz") filed a response in opposition (DE 9) and ASCAP filed a reply (DE 13). For the reasons set forth below, Defendant's motion to dismiss (DE 8) is **GRANTED.**

## I. BACKGROUND

Sanz, an individual of Spanish national origin, claims he was discriminated against based on his national origin by his former employer, ASCAP. (DE 1). Sanz began his employment as a licensing regional account manager in May 2013. (*Id.*). According to Sanz, while working for ASCAP he was subjected to "micromanagement and hindering of work performance" by his American supervisors. (*Id.*). Sanz also contends that ASCAP moved him "from his work territory despite [ ] having great success, and assigned Mark Irvin, an American, to [his] former work territory." (*Id.*). In February 2016, Sanz was reassigned to his original "work territory" when Mark Irvin, Sanz' replacement, fell ill. (*Id.*). While working again in his original "work territory" between February and March, Sanz performed well and exceeded the top tier sales level, prompting ASCAP's human

resources to place him on the list of top salesmen for a celebratory cruise. (*Id.*). However, Sanz' supervisor disqualified him from the cruise because he "started in February, not January and therefore he did not work 3 months to complete a quarter." (*Id.*).

Sanz claims he met with ASCAP to discuss his concerns regarding his treatment, but states his complaints were not properly investigated by his supervisors. (*Id.*). Later, in July 2017, Sanz' employment with ASCAP was terminated. (*Id.*). Subsequently, Sanz filed a complaint with the U.S. Equal Employment Opportunity Commission which later granted him a "Notice of Suit Rights." (*Id.*). *See Harrison v. IBM, 378 Fed. Appx.* 950, 953 (11th Cir. 2010) ("Filing of an EEOC discrimination charge is a prerequisite to judicial review of such a [Title VII] claim.").

Sanz seeks relief in the form of a declaratory judgment stating ASCAP violated the law, as well as an award of damages for monetary losses, mental anguish, and attorney's fees. (DE 1).

## II. LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs make a facially plausible claim when they plead factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Id.* at 1950.

Although the court resolves all doubts or inferences in the plaintiff's favor, the plaintiff bears the burden to frame the complaint with sufficient facts to suggest that he is entitled to relief. *Twombly*, 550 U.S. at 556. A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. *Id.* at 557. Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (quoting *Hishon v. King & Spalding*, 476 U.S. 69, 73 (1984)).

## III. ANALYSIS

Title VII of the Civil Rights Act of 1964 ("Title VII") makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). ASCAP argues that Sanz has failed to state a plausible claim for discrimination because the Complaint does not allege facts that show 1) that Sanz was discriminated against on the basis of his national origin; 2) that Sanz suffered an adverse employment action; and 3) the existence of a hostile work environment. (DE 8).

In considering employment discrimination suits, courts have grappled to determine what plaintiffs must allege in their pleadings in order to survive a motion to dismiss under Rule 12(b)(6). *See Ashmore v. F.A.A.*, No. 11-CV-60272, 2011 WL 3915752, at *3 (S.D.

Fla. Sept. 2, 2011). In *Swierkiewicz v. Sorema N. A.*, the Supreme Court made clear that a plaintiff does not need to establish a prima facie discrimination case in order to survive a Rule 12(b)(6) motion. *See* 534 U.S. 506, 510 (2002) (explaining that the *McDonnell Douglas* burden-shifting standard for making out a prima facie case "is an evidentiary standard, not a pleading requirement.").

Even though *Swierkiewicz* predated *Twombly* and *Iqbal,* the Eleventh Circuit reaffirmed *Swierkiewicz* holding that "[a] complaint in an employment discrimination case need not contain specific facts establishing a prima facie case under the evidentiary framework for such cases to survive a motion to dismiss." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F.App'x 935, 937 (11th Cir. 2011). Still, a complaint must "contain sufficient factual matter to support a reasonable inference that [the defendant] engaged in racial discrimination." *Id.* (finding that the plaintiff "could have met this standard by alleging facts showing that similarly-situated loan applicants outside her racial class were offered more favorable loan terms.") *Id.* A plaintiff that establishes a prima facie case of discrimination will likely survive a motion to dismiss, but "when a plaintiff falls short of such a prima facie case[,] the court must determine whether the plaintiff may have nevertheless alleged enough to survive a Rule 12(b)(6) motion." *Ashmore*, 2011 WL 3915752, at *3.

To plead a prima facie case of discrimination, the plaintiff must allege that "(1) he is a member of a protected class, (2) he was subjected to an adverse employment action, (3) his employer treated similarly situated employees outside of his protected class more favorably, and (4) he was qualified to do the job." *Word v. AT&T*, 576 F.App'x 908, 914 (11th Cir. 2014). Here, the elements in dispute are whether Sanz alleged an adverse

action, and whether he has proffered a similarly situated employee outside of his protected class. The Court will address them in turn.

**A. Whether Sanz has alleged an adverse action which would support an inference that he was discriminated against on the basis of national origin.**

ASCAP argues that the treatment complained of by Sanz—the "micro-management," "reassignment," and disqualification from the cruise—does not rise to the level of an adverse employment action. (DE 8). In response, Sanz maintains that his reassignment and ultimate termination were sufficient to allege an adverse employment action. (DE 12).

An adverse employment action is established when the employee shows "that a decision of the employer impacted the terms, conditions, or privileges of [his] job in a real and demonstrable way." *Jefferson v. Sewon Am.*, Inc., 891 F.3d 911, 920 (11th Cir. 2018) (internal quotation marks omitted) (citing *Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1239 (11th Cir. 2001)). In alleging an adverse employment action, the employee must show that the change in terms, condition, or privileges of employment were "serious and material . . . so that a reasonable person in the circumstances would find the employment action to be materially adverse." *Id.* (internal quotation marks omitted) (citing *Davis,* 245 F.3d at 1239).

Sanz argues that his reassignment to a new division, replacement by an American colleague, and ultimate termination constituted adverse actions taken against him in the course of his employment. (DE 12). ASCAP contends that Sanz' reassignment does not amount to an adverse action unless "also accompanied by material changes in the terms and conditions of employment." (DE 8) (citing *Davis*, 245 F.3d at 1239).

ASCAP relies on *Davis v. Town of Lake Park, Florida* to establish that Sanz' reassignment was not an adverse action. (DE 8; DE 13); 245 F.3d 1232 *overruled on other grounds as recognized by Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008). In *Davis*, the plaintiff claimed he suffered an adverse employment action when he was reassigned from his position as officer-in-charge. *Id.* at 1243. Because the plaintiff failed to persuade the court that the reassignment included a material change in terms or benefits, the Eleventh Circuit found he did not allege an adverse employment action for a claim of racial discrimination; that is, the reassignment did not rise to the level of altering "the terms, conditions, or privileges" of employment. *Id.* at 1243-45; *see also id.* ("[A]n employee alleging a loss of prestige on account of a change in work assignments, without any tangible harm, will be outside the protection afforded by Congress in Title VII's anti-discrimination clause. . . ."). Furthermore, the court considered the fact that the plaintiff was reassigned to the position after having been removed, reasoning that any loss of experience while away from the position was acquired when he returned to the position. *Id.* at 1244–5.

Sanz has not alleged sufficient facts to suggest that his reassignment to ASCAP's Latino division constituted a material change in his employment. While Sanz states that he was "moved from his work territory," he fails to allege that this reassignment amounted to a demotion or resulted in a tangible harm. (DE 1). Accordingly, the Court finds that Sanz has not pled sufficient facts to show that his reassignment constitutes an adverse employment action. *See also Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as . . . reassignment with *significantly different responsibilities*, or a decision causing a

significant change in benefits") (emphasis added); *Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 829, (11th Cir. 2000) ("a transfer to a different position can be 'adverse' if it involves a reduction in pay, prestige or responsibility.") Moreover, Sanz was later reassigned to his original position when his replacement fell ill. (DE 1). Thus, any opportunity or prestige lost in the original reassignment, was recouped by Sanz on returning to the position. *See, e.g., Davis*, 245 F.3d at 1244–5 ("[A]ny loss of prestige suffered by Davis on these two occasions must be weighed against the fact that he served as OIC on subsequent occasions after each instance when he was removed."). Accordingly, Sanz' reassignment alone does not constitute an adverse employment action.

Sanz also alleges that he suffered an adverse employment action when he was terminated in August 2017. (DE 12; DE 1). The Eleventh Circuit has found that "[t]ermination is a materially adverse action" and therefore, Sanz has adequately alleged an adverse employment action. *Jefferson*, *v. Sewon Am.*, Inc., 891 F.3d 911, 924 (11th Cir. 2018).

**B. Whether Sanz has alleged that he was replaced or that an employee outside his protected class was treated more favorably.**

In addition to showing that he is a member of a protected class, was qualified for his position, and was subjected to an adverse employment action, to establish a prima facie case, Sanz must also show that he was replaced or treated less favorably than someone similarly situated outside of his protected class. *See e.g., Abbes v. Embraer Servs., Inc.,* 195 F. App'x 898, 900 (11th Cir. 2006).

Sanz has not pled that he was replaced upon termination, nor has he shown that he "was treated differently from other individuals with whom [he] was similarly situated in

all material respects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1231 (11th Cir. 2019); see also *McQueen v. Alabama Dep't of Transportation*, 769 F. App'x 816, 821 (11th Cir. 2019) ("When comparing the plaintiff's treatment to a non-protected employee, the plaintiff and the employee he identifies as a comparator must be 'similarly situated in all material respects.'") (citing *Lewis*, 918 F.3d at 1238-39). The Eleventh Circuit has explained that a similarly situated comparator "will have engaged in the same basic conduct (or misconduct) as the plaintiff, . . . will have been subject to the same employment policy, guideline, or rule as the plaintiff, . . . will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff, and . . . will share the plaintiff's employment or disciplinary history[.]" *McQueen*, 769 F. App'x at 821–22 (internal quotations omitted).

Sanz has not made such a showing and instead states in his response to ASCAP's motion to dismiss that he has established a prima facie case because "(1) he was a member of a protected class, (2) he was qualified for the position held, (3) [an] adverse employment action occurred and (4) he was replace [sic] by a person outside the protected class." (DE 12). Although Sanz pleads that on his *reassignment* he was replaced by an individual of American national origin, he fails to allege that on his *termination* he was replaced by an individual outside his protected class or that a person outside his class with lessor or equal qualifications was retained. (DE 1). As discussed above, Sanz' termination, not reassignment, was an adverse employment action. Thus, although Sanz states that he was terminated in July 2017, he gave no indication as to who his replacement was. (DE 1).

Further, noting that a prima facie case for discrimination is not a requirement at the pleading stage, this Court finds that Sanz has failed to allege sufficient, non-conclusory facts which would support an inference of discrimination. Statements in the Complaint, such as "Plaintiff endured constant discrimination by Defendants relating to his national origin," "Defendants' conduct was knowing malicious, willful and wanton, and/or showed a reckless disregard for Plaintiff," and "Defendants set up Plaintiff to fail in his tasks" are conclusory and fail to provide the Court or Defendants with fair notice of Sanz' claim. (DE 1). Accordingly, Sanz' claim for discrimination based on national origin is dismissed without prejudice, with leave to amend.

**C. Whether Sanz alleged a claim for employment discrimination arising out of a hostile work environment.**

Additionally, ASCAP argues that Sanz also fails to allege a claim for employment discrimination arising out of a hostile work environment, noting that it is unclear whether Sanz is even attempting to state multiple claims. (DE 8). Sanz mentions the term "hostile work environment" throughout his complaint, but his complaint only states one count for discrimination based on national origin. (DE 1). Nevertheless, ASCAP argues in its motion that the facts in Sanz' complaint do not support a hostile work environment claim. Sanz does not address the hostile work environment claim in his response to ASCAP's motion. (DE 12).

Because Sanz chose not to address ASCAP's hostile work environment argument, the Court finds that Sanz has effectively conceded the claim. *See Brady v. Medtronic*, Inc., No. 13-cv-62199-RNS, 2014 WL 1377830, at *6 (S.D. Fla. April 8, 2014) (finding plaintiff "effectively concede[d] that his strict product liability claims must be dismissed" where plaintiff failed to address in his response the arguments set out in defendant's

motion to dismiss) (citing *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n. 10 (10th Cir.2001) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary, forfeits the point. The court will not do research for him.")).

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that Defendant's motion to dismiss (DE 12) is **GRANTED IN PART**. Plaintiff's claim for discrimination based on national origin is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file an amended complaint within 21 days of the date of this order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 7th day of August, 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE